**IN UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JUAN CRUZ RODRIGUEZ | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| KRISTI NOEM, Secretary of the | ) | |
| United States Department of Homeland Security, | ) | |
| and SAMUEL OLSON, Field Office Director, | ) | |
| Chicago Filed Office, Immigration and | ) | |
| Customs Enforcement, PAMELA BONDI, U.S. | ) | |
| Attorney General | ) | |
| | ) | |
| Respondents. | ) | |

### PETITION FOR *HABEAS CORPUS*

Petitioner, **JUAN CRUZ RODRIGUEZ**, by and through counsel, **CARLA I. ESPINOZA**, hereby petitions this Honorable Court for a Writ of *Habeas Corpus* against the Respondents, and in support thereof, states as follows:

### PARTIES

1.      The Petitioner, **JUAN CRUZ RODRIGUEZ**, a native and citizen of Mexico, is currently being detained by Respondents, Kristi Noem, Secretary of the Department of Homeland Security ("DHS"), Samuel Olson, the Chicago Field Office Director for the United States Immigration and Customs Enforcement ("ICE") of the DHS, and Pamela Bondi, U.S. Attorney General. Petitioner was detained by Respondents, on Thursday, October 2, 2025, in Waukegan, Illinois and has not been officially processed at any detention center or jail. *See* ICE Locator Search Results, attached hereto as Exhibit "A."[1] Upon information and belief, Petitioner

---

[1] Results were searched with Mr. Cruz Rodriguez biographical information. His date of birth October 28, 1986.

was taken for processing to an ICE Facility located in Broadview, Illinois. The Broadview

Facility falls under the charge of the Chicago Field Office Director and, thus, Respondent Olson

is Petitioner's immediate custodian.

2.      The Respondent, SAMUEL OLSON, is the ICE Chicago Field Office Director

and Petitioner was detained under his authority and he is his immediate custodian.

3.      The Respondent, KRISTI NOEM, is the DHS Secretary and the Petitioner is held

under her authority.

4.      The Respondent, PAMELA BONDI, is the U.S. Attorney General and Petitioner

will suffer prolonged detention under her authority.

## JURISDICTION & VENUE

5.      This Court has jurisdiction to consider this petition pursuant to Article I, Section

9, clause 2 of the United States Constitution ("Suspension clause"), and 28 U.S.C. §§2241, 1331,

and 1361, since Mr. Cruz Rodriguez is presently in the custody under the color of the authority

of the United States, and such custody is in violation of the Constitution, laws and/or treaties of

the United States.  This Court may grant relief pursuant to Habeas Corpus, 28 U.S.C. §2241, *et.
seq.*, the Declaratory Judgment Act, 28 U.S.C. §2201, *et seq.*, and the All Writs Act, 28 U.S.C.

§1651.

6.      Venue lies in the United States District Court for the Northern District of Illinois,

the judicial district in which the Petitioner's custodian is located as of the moment of filing the

instant petition.  28 U.S.C. §1391(e).

7.      Petitioner's action is based upon traditional district court authority to entertain

*habeas corpus* actions pursuant to 28 U.S.C. §2241, et. seq., and §§1331, 1361, as well as

2

Administrative Procedure Act ("APA"), 5 U.S.C. §704. Petitioner's action does not fall within the proscriptions of jurisdiction under 8 U.S.C. §1252, because the Petitioner does not challenge an "order of removal", *see,* 8 U.S.C. §1252(a)(5). The Petitioner challenges his unlawful detention during the pendency of removal proceedings. Accordingly, jurisdiction is proper in this Court, not the circuit court of appeals.

## CASE AND PROCEDURAL HISTORY

8.　　On Thursday, October 2, 2025, at around noon, Petitioner was detained by Respondents in Waukegan, Illinois while working landscaping outside of a Dunkin' Donuts located on Grand Avenue.

9.　　ICE has not officially processed or booked Petitioner at any detention center or county jail as of the time of filing of this petition.

10.　　Petitioner entered the United States without inspection in 2002 and has been residing here ever since. He is the father of three (3) United States citizen children ages 19, 15, and 12. Mr. Cruz Rodriguez's 19-year old daughter is currently serving in the U.S. Army.

11.　　A non-citizen who entered the United States without inspection and has resided here for decades is entitled to seek release on bond from an immigration judge under Section 236(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(a), which calls for a discretionary frame-work to bond determinations.

12.　　On September 5, 2025, the Board of Immigration Appeals ("BIA") under the authority of the U.S. Attorney General published *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), which erroneously holds that immigration judges lack authority to hear bond requests or to grant bond to non-citizens who are present in the United States without admission

pursuant to Section 235(b)(2)(A) of the INA, 8 U.S.C. § 1225(b)(2)(A).[2]

13.     The Petitioner is not required to "exhaust administrative remedies" because doing so would be futile in light of *Matter of Yajure Hurtado* and would be prejudicial for the Petitioner to continue to suffer an unreasonable delay or be subject to an indefinite time-frame in detention.  *See Gonzales v. O'Connell*, 355 F.3d 1010 (7th Cir. 2004).

## HABEAS CORPUS

14.     The Writ of *habeas corpus* is guaranteed by the Constitution and cannot be suspended except where "in Cases of Rebellion or Invasion the Public Safety may require it." Suspension Clause, Article I, Section 9 of the United States Constitution.

15.     The Petitioner is entitled, under the Suspension clause, the Due Process clause of the 5th Amendment, and the Separation of Powers principle embodied in Article III of the Constitution, to *habeas corpus* review of an executive action which deprives the Petitioner of any substantive statutory or constitutionally protected right and/or his liberty.

16.     The Petitioner's remedy for release is by way of this petition for Writ of *habeas corpus*.  The Habeas Corpus Act, 28 U.S.C. §2241, et seq. provides that a court entering the Writ shall grant same, or order the respondent to show cause why the Petitioner should not be

---

[2]Most district courts to have considered the novel holding in *Matter of Yajure Hurtado* has rejected it. *See* Pizarro Reyes, 2025 WL 2609425, at *7-9 (holding that the text, legislative history and agency guidance support the argument that Section 1226, not Section 1225 applies); Lopez-Campos, 2025 WL 2496379 ("the Court finds that Lopez-Campos is not subject to the provisions of Section 1225(b )(2)(A). *Rodriguez*, 779 F. Supp.3d at 1261 ("[Petitioner] has shown that the text of Section 1226, canons of interpretation, legislative history, and longstanding agency practice indicate that he is governed under Section 1226(a)'s "default" rule for discretionary detention."); *Rosado v. Figueroa*, 2025 WL 2337099, at *8 (D. Ariz. Aug. 11, 2025) ("Adoption of Respondents' position would render significant portions of 8 U.S.C. § 1226 meaningless."); *Kostak v. Trump*, 2025 WL 2472136, at *3 (W.D. La. Aug. 27, 2025).

released, unless it is abundantly clear that the Writ shall not issue.

17.     ICE-DHS currently detains the Petitioner unlawfully insofar as the Petitioner will be deprived of an opportunity to seek release on bond pursuant to 8 U.S.C. §1226(a), INA §236(a).

16.     The relief requested herein has not been sought from or refused by any other court.

**WHEREFORE**, the Petitioner prays that this Honorable Court grant the following relief:

A.     Grant the writ of *habeas corpus* upon the Respondents directing them to release the Petitioner forthwith;

B.     Alternatively, issue an order for Respondent to be considered for bond under the framework 8 U.S.C. §1226(a);

C.     Grant attorney's fees and costs; and

D.     for any other further relief this Court deems just and reasonable.

Dated:   Chicago, Illinois
         October 4, 2025

*/s/Carla I. Espinoza*
**CARLA I. ESPINOZA**
*Attorney for Petitioner*

**CARLA I. ESPINOZA**
Attorney at Law
Immigration Law Office of Moises L. Barraza, LLC
1981 West Downer Place
Aurora, Illinois 60506
carla@barraza-law.com
(779)379-2770
Atty No. 6308967

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2025, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the CM/ECF system. All parties to this case are registered CM/ECF users and will be served through the CM/ECF system.

Dated: October 4, 2025                                      Respectfully submitted,
          Chicago, Illinois


                                          */s/ Carla I. Espinoza*
                                          **CARLA I. ESPINOZA**
                                          *Attorney for Petitioner*

**CARLA I. ESPINOZA**
Attorney at Law
Immigration Law Office of Moises L. Barraza, LLC
1981 West Downer Place
Aurora, Illinois 60506
carla@barraza-law.com
(779)379-2770
Il. Atty No. 6308967

6