IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUAN CRUZ SANCHEZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 25-cv-12169 |
| v. | ) |
| | ) Judge Andrea R. Wood |
| KRISTI NOEM, et al., | ) |
| | ) |
| Respondents. | ) |

**ORDER**

Petitioner's petition for a writ of habeas corpus [1], [2] is granted. Within seven days of the entry of this order, Respondents shall either (1) provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a), or (2) release him from custody under reasonable conditions of supervision. By 12/1/2025, the parties shall file a joint status report addressing Petitioner's release status, including confirming that he received a bond hearing and stating the result of that bond hearing. As this Order addresses all requested relief, the Clerk is directed to enter Judgment in favor of Petitioner. Civil case terminated. See the accompanying Statement for details.

**STATEMENT**

Petitioner Juan Cruz Sanchez is a native and citizen of Mexico who entered the United States without inspection in 2002 and has resided here ever since. On October 2, 2025, Cruz Sanchez was arrested and taken into custody by U.S. Immigration and Customs Enforcement ("ICE"). In line with a recent decision issued by the Board of Immigration Appeals ("BIA"), *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (B.I.A. 2025), he has been detained without the opportunity to seek release at an individualized bond hearing before an Immigration Judge. For that reason, he has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asking this Court to find Respondents' actions unlawful under the applicable provisions of the Immigration and Nationality Act ("INA") and order Respondents to either immediately release him or grant him a bond hearing. (Dkt. Nos. 1, 2.) For the reasons that follow, Cruz Sanchez's habeas petition is granted.

**I.**

Cruz Sanchez is a native and citizen of Mexico who entered the United States without inspection in 2002 and has been present in this country since then. (Am. Pet. ¶¶ 1, 10, Dkt. No. 2.) Cruz Sanchez is the father of three U.S. citizen children, including a 19-year-old daughter who is currently serving in the U.S. Army. (*Id.* ¶ 10.) On October 2, 2025, Cruz Sanchez was arrested by ICE while he was working at a landscaping job in Waukegan, Illinois. (*Id.* ¶ 8.) Initially, Cruz Sanchez was detained at the Broadview Detention Center in Broadview, Illinois. (*Id.* ¶ 1.) He was

detained at that facility when he filed the present habeas petition. (Resp'ts' Suppl. Status Report ¶ 1, Dkt. No. 7.) Currently, Cruz Sanchez is being detained at the Clay County Detention Center in Brazil, Indiana.

## II.

Based on *Yajure Hurtado*, Cruz Sanchez has been deemed an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and therefore ineligible for release while he awaits removal proceedings. Accordingly, he has been denied a bond hearing before an Immigration Judge. In his habeas petition, Cruz Sanchez contends that the BIA in *Yajure Hurtado* incorrectly interprets the relevant provisions of the INA and his detention is actually governed by 8 U.S.C. § 1226(a), not § 1225(b)(2)(A). Detention is discretionary for aliens detained under § 1226(a), subject to exceptions for certain categories of "criminal aliens" not applicable to Cruz Sanchez.

This Court has previously confronted the same issues as presented in Cruz Sanchez's habeas petition in *Ramirez Martinez v. Noem*, No. 25-cv-12029, 2025 WL 3145103 (N.D. Ill. Nov. 11, 2025). In granting relief in *Ramirez Martinez*, this Court determined that § 1226(a) governs detention pending removal proceedings of a noncitizen already residing in the country for an extended period. Every other court in this District that has addressed those issues on the merits has reached the same conclusion. *E.g.*, *Miguel v. Noem*, No. 25 C 11137, 2025 WL 2976480 (N.D. Ill. Oct. 21, 2025); *H.G.V.U. v. Smith*, No. 25 CV 10931, 2025 WL 2962610 (N.D. Ill. Oct. 20, 2025); *Ochoa Ochoa v. Noem*, No. 25 CV 10865, 2025 WL 2938779 (N.D. Ill. Oct. 16, 2025). Respondents' brief in opposition to Cruz Sanchez's petition raises substantially the same arguments as the respondents in *Ramirez Martinez*. Consistent with this Court's previous ruling, the Court concludes as follows with respect to Cruz Sanchez.

As an initial matter, because Cruz Sanchez has been relocated and is currently detained at the Clay County Detention Center, the Court has added as a Respondent that facility's Jail Commander, Brandon Crowley. Crowley is the immediate custodian of Cruz Sanchez during his current detention at the Clay County Detention Center. At the time of his initial detention at the Broadview Detention Center, Cruz Sanchez's immediate custodian was Samuel Olson, ICE's Chicago Field Office Director. As Cruz Sanchez's immediate custodians, Crowley and Olson are the only proper Respondents here. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[T]he default rule is that the proper respondent [to a habeas petition] is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."). The remaining Respondents are dismissed.

Next, the Court finds that it has jurisdiction over Cruz Sanchez's habeas petition. *See Moore v. Olson*, 368 F.3d 757, 759 (7th Cir. 2004) ("Subject-matter jurisdiction . . . is supplied by 28 U.S.C. § 1331, as any claim under § 2241 entails a federal question."). Specifically, none of the three statutory provisions cited by Respondents divests this Court of its jurisdiction. *See Ramirez Martinez*, 2025 WL 3145103, at *2–3. First, the Court's exercise of jurisdiction is not barred by 8 U.S.C. § 1252(g) because that provision "does not sweep broadly; only challenges to the three listed decisions or actions—to commence proceedings, adjudicate cases, or execute removal orders—are insulated from judicial review." *E.F.L. v. Prim*, 986 F.3d 959, 964 (7th Cir.

2021). And Cruz Sanchez does not challenge any of those specified actions. Second, while 8 U.S.C. § 1252(b)(9) limits judicial review of questions of law and fact "arising from any action taken or proceeding brought to remove an alien from the United States," that section does not preclude the exercise of jurisdiction over questions about whether "certain statutory provisions require detention without a bond hearing." *Jennings v. Rodriguez*, 583 U.S. 281, 292 (2018). And finally, 8 U.S.C. § 1252(a)(2)(B)(ii) does not apply because Cruz Sanchez "does not challenge a discretionary bond denial by an [Immigration Judge] under § 1226(a)" but instead challenges Respondents' refusal to provide him such a hearing because he is subject to mandatory detention. *Ochoa Ochoa*, 2025 WL 2938779, at *4.

      The Court also finds that, because Cruz Sanchez's habeas challenge concerns whether he is subject to mandatory detention under § 1225 or discretionary detention under § 1226(a), the matter became ripe immediately upon his detention. *Ramirez Martinez*, 2025 WL 3145103, at *3. And moreover, the Court declines to require administrative exhaustion, as Respondents claim it should, since the BIA's decision in *Yajure Hurtado* shows that it has predetermined the statutory issue presented in Cruz Sanchez's habeas petition and there is nothing to suggest that the BIA will change its position. *See id.* at *4; *see also Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (explaining that although the general rule calls for "parties [to] exhaust prescribed administrative remedies before seeking relief from the federal courts," exhaustion will be excused where "appealing through the administrative process would be futile because the agency is biased or has predetermined the issue").

      Turning to the merits of Cruz Sanchez's petition, the Court again reaches the same conclusion as it did in *Ramirez Martinez*. Specifically, the Court finds that detention of a noncitizen like Cruz Sanchez, who entered this country without inspection and has continuously resided here for an extended period of time since then, is governed by § 1226(a). *See Ramirez Martinez*, 2025 WL 314513, at *5–6. While Cruz Sanchez falls within § 1225(a)(1)'s broad definition of "applicant for admission," § 1225(b)(2)(A) requires mandatory detention "in the case of an alien who is an applicant for admission" where the alien is also "seeking admission." The provision's use of the word "'seeking' implies action and [noncitizens] who have been present in the country for years are not actively 'seeking admission.'" *Ochoa Ochoa*, 2025 WL 2938779, at *6. By contrast, there is nothing in the plain language of § 1226(a) that would exclude Cruz Sanchez from its scope. And until only very recently, the Government's practice was to apply § 1226(a) to noncitizens like Cruz Sanchez. That "longstanding practice of the [G]overnment—like any other interpretative aid—can inform a court's determination of what the law is." *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 386 (2024) (internal quotation marks omitted). In sum, the Court finds in favor of Cruz Sanchez with respect to the alleged violation of the detention provisions of the INA.

      Unlike other similarly-situated petitioners who have challenged their detention without bond under *Yajure Hurtado*, Cruz Sanchez does not expressly argue that Respondents have violated his Fifth Amendment due process right to a bond hearing. Nonetheless, Respondents have addressed the issue in their opposition brief and the Court sees no reason why the same due process concerns raised by other petitioners would not apply equally to Cruz Sanchez. *See Ramirez Martinez*, 2025 WL 314513, at *7. In determining whether a noncitizen's detention without a bond hearing violates his right to procedural due process, courts balance the following

factors: "first, the private interest at stake; second, the risk of erroneous deprivation and the value, if any, of additional procedural safeguards; and third, the government's countervailing interests." *Miguel*, 2025 WL 2976480, at *7 (quoting *Simpson v. Brown County*, 860 F.3d 1001, 1006 (7th Cir. 2017)). All three factors weigh in favor of Cruz Sanchez. First, his liberty is at stake. Second, there is nothing to indicate that he poses a danger to others, making the risk of erroneous deprivation of his liberty high. And third, holding a bond hearing does not impair the Government's legitimate interest in prompt execution of removal orders.

      For the foregoing reasons, Cruz Sanchez's petition for a writ of habeas corpus is granted. While Cruz Sanchez seeks either his immediate release or a bond hearing for his removal proceedings, the Court finds that the latter form of relief is proper. Thus, within seven days of the entry of this order, Respondents shall either (1) provide Cruz Sanchez with a bond hearing pursuant to 8 U.S.C. § 1226(a), at which Respondents will have the burden of showing by clear and convincing evidence that Cruz Sanchez poses a risk of flight or a danger to the community such that his detention is necessary, or (2) release him from custody under reasonable conditions of supervision.

Dated: November 19, 2025

                                                                                            Andrea R. Wood
                                                                                United States District Judge